IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE T. BAKER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 10-482-JJF-MPT |
| JAMES T. VAUGHN CORRECTIONAL CENTER and DONALD GLAGG, | : |
| Defendants. | : |

Wayne T. Baker, Pro se Plaintiff.  James T. Vaughn Correctional Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

July 14, 2010
Wilmington, Delaware

Farnan, District Judge

Plaintiff Wayne T. Baker ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] He appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 5.) For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend the Complaint.

I. BACKGROUND

Plaintiff was attacked by his cellmate, Defendant Donald Glagg ("Glagg"), on Thursday, March 5, 2009. The VCC is also a named Defendant. Plaintiff was taken to the infirmary and given Motrin for the pain. Plaintiff and Glagg were both punished and sent to "the hole." While in the hole, Plaintiff requested medical treatment and was told that he would have to wait until the morning to see a physician. The Complaint alleges that on numerous occasions Plaintiff was told to stand up but he could not and, instead, crawled. Plaintiff alleges that he sustained a broken leg, as well as other injuries. While not clear, it appears that Plaintiff was seen by medical personnel on Saturday and, at that time, was told it would be Monday or Tuesday until

---

[1] Plaintiff's Complaint was written by Ivan Mendez, who has frequently filed pleadings with the Court.

x-rays were taken. Plaintiff alleges that he went three days without medical treatment. At some point in time he was transferred to the Kent General Hospital and underwent surgery. He was told that as a result of his leg injuries he will never have full mobility. Plaintiff seeks compensatory damages. (D.I. 2.)

## II. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937

3

(2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949. (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

## III. DISCUSSION

### A. State Actor

Glagg, an inmate at the VCC, is a named Defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49. Glagg is an inmate and a private individual. He is not "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir. 2004). Accordingly, the Court concludes that Plaintiff's § 1983 claim against Glagg has no basis in law or fact, and therefore, the Court will dismiss the claim against Glagg as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### B. Eleventh Amendment Immunity

The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects States and their agencies and departments from

suit in federal court regardless of the kind of relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. See Green v. Howard R. Young Corr. Inst., 229 F.R.D. 99, 102 (D. Del. 2005). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. See Ospina v. Department of Corr., 749 F. Supp. 572, 579 (D. Del. 1991). Accordingly, the Court concludes that the VCC is entitled to immunity under the Eleventh Amendment, and therefore, the Court will dismiss Plaintiff's claims against the VCC pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### C. Medical Needs

To the extent that Plaintiff attempts to allege a medical needs claim, he must allege that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See Farmer v. Brennan, 511 U.S. 825, 833-34

(1994); see also Griffin v. DeRosa, 153 F. App'x 851 (3d Cir. 2005) (not published). The Complaint makes no reference to the individuals who allegedly delayed or denied Plaintiff medical care. Inasmuch as the Complaint is deficiently pled, it will be dismissed. However, it appears plausible to the Court that Plaintiff may be able to articulate a claim against alternative Defendants, and therefore, the Court will give Plaintiff an opportunity to amend his pleading. See O'Dell v. United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### D. Requests for Subpoenas

Plaintiff requests issuance of subpoenas directed to Defendants and Kent General Hospital to obtain information related to the assault and his medical records. (D.I. 11, 12, 13.) The Court concludes that Plaintiff's requests for subpoenas are premature. No Defendants have been served, and the Court has not entered a Scheduling and Discovery Order. In addition, it may be that the information is discoverable from a party defendant without the need for subpoenas. Accordingly, the Court will deny the Requests For Subpoenas without prejudice. (D.I. 11, 12, 13.)

**IV. CONCLUSION**

For the discussed, the Court will dismiss Plaintiff's claims against Defendants as frivolous and will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint. The Court will deny without prejudice Plaintiff's Requests For Subpoenas.

An appropriate Order will be entered.