IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE T. BAKER, | : |
|       Plaintiff, | : |
| v. | : Civ. No. 10-482-LPS-MPT |
| JAMES T. VAUGHN CORRECTIONAL CENTER and DONALD GLAGG, | : |
|       Defendants. | : |

Wayne T. Baker, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 30, 2010
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff, Wayne T. Baker ("Baker"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) On July 14, 2010, the Court screened the case and dismissed claims against Defendants as frivolous and dismissed the Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). (D.I. 17) Baker was given leave to amend the Complaint.

## II. BACKGROUND

The original Complaint alleged that Baker was attacked by his cellmate, Defendant Donald Glagg ("Glagg"). The Complaint named the VCC as a Defendant and also alleged what appeared to be a medical needs claim. The Court dismissed Glagg as a defendant because inmate Glagg is not a state actor, as is required to raise a claim under § 1983. The Court dismissed the VCC as immune from suit by reason of the Eleventh Amendment. Since it appeared plausible that Baker could articulate a claim against an alternative defendant or defendants, he was given leave to amend. He filed an Amended Complaint on July 23, 2010.

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

On August 10, 2010, Baker filed a Power of Attorney for inmate Ivan Mendez ("Mendez") to act as his attorney in fact. (D.I. 22) Mendez is a frequent filer in this Court. It is apparent from the handwriting that he is preparing documents on behalf of Baker.

### III.   STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see also, e.g., Deutsch v. United States*,

2

67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See*

*Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

The Amended Complaint raises the same or similar claims as in the original Complaint. In addition, it raises an access to the courts claim, an alleged violation of the First Amendment of the United States Constitution. The Amended Complaint, however, did not cure the pleading deficiencies. Indeed, the Amended Complaint names the same Defendants as the original Complaint: Glagg a non-State actor, and the VCC, which is immune from suit. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981); *Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). Consequently, all of Baker's claims fail.

Baker was given an opportunity to cure the pleading defects, but he failed to do so. The Court's July 14, 2010 Memorandum Opinion and Order's analysis provided an outline explaining why the claims against Glagg and the VCC were deficient, yet Baker continues to name them as Defendants. Consequently, additional amendments appear futile. *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding court may curtail or deny request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there

would be "futility of amendment."). For the above reasons, the Court will dismiss the Complaint as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## V. <u>NON-ATTORNEY</u>

Concurrent with the filing of a Power of Attorney naming Mendez as his attorney in fact, Baker also filed a subpoena completed and signed by Mendez. Mendez is a frequent filer and his handwriting is readily recognized by the Court.

As a non-attorney, Mendez may not act as an attorney for other individuals. He may only represent himself in this Court. *See* 28 U.S.C. § 1654; *Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children); *Alexander v. New Jersey State Parole Bd.*, 160 F. App'x 159, 160 n.1 (3d Cir. Dec. 28, 2005) (holding prisoner proceeding *pro se* may not act on behalf of his fellow inmates); *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991) (stating "well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in federal court"); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) ("[P]laintiffs have no statutory nor constitutional right to be represented in federal court by a nonlawyer."). Baker is placed on notice that future documents prepared by Mendez will be docketed, but not considered by the Court. Additionally, a copy of this Memorandum Opinion and accompanying Order will be sent to Mendez.

## VI. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order follows.